IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAN LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  07-677 |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA, | ) |
| DEPARTMENT OF HEALTH, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.


OPINION and ORDER OF COURT

Pending before the Court is a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendant Pennsylvania Department of Health ("Defendant").  (Docket No. 6).  Plaintiff filed a response in opposition thereto.  (Docket No. 10).  After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Motion for Judgment on the Pleadings is granted in part and denied in part.

I. BACKGROUND

Plaintiff, Jan Lee ("Plaintiff"), filed her Complaint against Defendant in this Court on or about May 18, 2007.  (Docket No. 1).  Plaintiff's Complaint sets forth three counts against Defendant based on allegations that Defendant terminated her

1

employment because of her sex and/or retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, *et seq.* ("PHRA").  Defendant filed an Answer to the Complaint on July 23, 2007.  (Docket No.5).  Also on July 23, 2007, Defendant filed the instant motion for judgment on the pleadings in its favor as to all three counts of Plaintiff's Complaint and brief in support thereof.  (Docket Nos. 6-7).  Plaintiff has filed a brief in opposition.  (Docket No. 10).  The issues are now ripe for my review.

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

The standard applied to a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is the same as that applied to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Nationwide Mut. Ins. Co. v. Brown, 226 F. App'x 153, 155 (3d Cir. 2007); Haynes v. Metro. Life Ins. Co., 94 F. App'x 956, 958 (3d Cir. 2004).  Thus, in deciding a Rule 12(c) motion, I must accept all the factual allegations, and all reasonable inferences therefrom, as true and view the complaint in a light most favorable to the plaintiff. Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004).  I will grant a motion for judgment on the pleadings only "if the movant clearly establishes that no material issues of fact remain unresolved, and that the movant is entitled to a judgment as a matter of law." Nationwide Mut. Ins. Co. , 226 F. App'x at 154-55.  With this standard in mind, I turn now to the issues of this case.

2

B. <u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

1. <u>PHRA Claim (Count III)</u>

Defendant moves for judgment on the pleadings as to Plaintiff's PHRA claim on the grounds that Defendant enjoys immunity from this claim pursuant to the Eleventh Amendment to the United States Constitution. Def.'s Mot. at 2. In her Brief in Opposition, Plaintiff agrees to withdraw her PHRA claim, indicating that she plans to refile the claim in state court. Pl.'s Br. at 2, n.1. Accordingly, Defendant's Motion for judgment on the pleadings as to Plaintiff's PHRA claim is granted, and Count III of Plaintiff's Complaint is dismissed, without prejudice to her ability to refile the claim in the appropriate state court. <u>See</u> <u>Eaddy v. Pa. Dep't of Pub. Welfare Berks County Assistance Office</u>, No. 04-5909, 2005 WL 1324881, at **2-3 (E.D. Pa. June 2, 2005).

2. <u>Title VII Disparate Treatment (Count I)</u>

Defendant argues that Plaintiff's Title VII sex discrimination count (Count I) fails to state a claim because she has failed to adequately allege that she was subjected to an adverse employment action. Specifically, Defendant notes that Plaintiff's claim centers on allegations that she received sexually inappropriate e-mails on her computer and that her complaints regarding the e-mails were not resolved as promptly as similar complaints submitted by a male co-worker. Defendant contends that the Complaint makes no other claims of gender discrimination and fails to allege that Plaintiff suffered any adverse employment action as a result of Defendant's alleged failure to respond timely to her complaints. Def.'s Br. at 4-5. I

disagree.

As Plaintiff correctly points out, Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (statement simply must give defendant fair notice of plaintiff's claim and grounds upon which it rests). In the employment discrimination context, the Supreme Court specifically has held that the Rule 8(a) standard applies and that plaintiffs do not need to plead a prima facie case of discrimination to satisfy that standard. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-14 (2002).

Applying the relevant standard, Plaintiff's Complaint gives Defendant more than fair notice of her sex discrimination claim and the grounds upon which it rests. Contrary to Defendant's assertions, Plaintiff's Complaint plainly asserts an adverse employment action, i.e., that Defendant discharged her on the basis of her sex. See, e.g., Complaint ¶¶ 15, 17. The Complaint also details the events leading to Plaintiff's discharge and contains allegations that she was treated less favorably than a male comparator with respect to her complaints concerning sexual harassment involving alleged pornographic e-mails. See id. ¶¶ 6-13. Viewed in the light most favorable to Plaintiff, the allegations in Plaintiff's Complaint support an inference that her subsequent discharge was because of her gender.

For these reasons, I find that Plaintiff's Complaint easily satisfies Rule 8(a)'s notice pleading requirements with respect to her disparate treatment claim.

Accordingly, Defendant is not entitled to judgment on the pleadings with respect to Count I of Plaintiff's Complaint.

3. <u>Title VII Retaliation (Count II)</u>

Defendant argues that Plaintiff's Title VII retaliation claim (Count II) fails because she has not adequately alleged a causal connection between alleged complaints of sexual harassment and any alleged adverse employment action. For reasons similar to those set forth in Section II.B.2, <u>supra</u>, I disagree.

Title VII prohibits employers from taking an adverse employment action against an employee for engaging in activity protected by Title VII. 42 U.S.C. § 2000e-3(a). As an initial matter, as explained above, Plaintiff does not need to plead a <u>prima facie</u> case of retaliation to survive a motion for judgment on the pleadings. Thus, Plaintiff's failure, if any, to plead specific facts supporting the elements of a <u>prima facie</u> case is not fatal to her retaliation claim.

In any event, contrary to Defendant's assertions, the Complaint plainly alleges both protected activity and an adverse employment action as well as a causal connection between the two. Among other things, the Complaint states that Defendant "fired Lee because she opposed conduct made illegal under Title VII . . . and because Defendant believed that Lee was going to file a sexual harassment complaint." Complaint ¶ 12. The Complaint also alleges facts supporting her retaliation claim including, <u>inter alia</u>, that she repeatedly received pornographic e-mails on her computer; she complained about the e-mails to her regional manager and supervisor as well as a union representative; Defendant took no action to stop

the e-mails; a union representative informed Plaintiff's manager that Plaintiff was being subjected to sexual harassment because her complaints about the e-mails were not being adequately addressed; Defendant believed Plaintiff was going to file a sexual harassment complaint; and Defendant fired Plaintiff as a result.  Id. ¶¶ 7-13.

Under the liberal federal pleading standards, these allegations easily put Defendant on notice of a plausible Title VII retaliation claim and the grounds supporting that claim.  See, e.g., Gavura v. Pa. State House of Representatives, 55 F. App'x 60, 65 (3d Cir. 2002).  Thus judgment on the pleadings in Defendant's favor is not warranted with respect to Count II of Plaintiff's Complaint.[1]

## III.  CONCLUSION

For the foregoing reasons, Plaintiff has done all that is required at the pleading stage with respect to Counts I and II of her Complaint.  Even if Plaintiff's ultimate chance of recovery on her claims is unlikely or remote, that is not the test. Further, Plaintiff has agreed to dismissal of Count III of her Complaint.  Accordingly, Defendant's 12(c) Motion for Judgment on the Pleadings is granted in part and denied in part as set forth more fully herein.  An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

[1]  To the extent Defendant suggests that Plaintiff cannot maintain a retaliation claim because she did not file her formal PHRC Complaint until two months after her discharge, such argument is without merit.  As set forth above, the Complaint alleges that, prior to her discharge, Plaintiff complained directly to her employer about pornographic e-mails and that her union supervisor communicated a sexual harassment complaint to Defendant on Plaintiff's behalf.  The Complaint also alleges that Defendant believed prior to terminating Plaintiff's employment that Plaintiff was going to file a sexual harassment complaint.  These allegations, viewed in the light most favorable to Plaintiff, are sufficient to survive Defendant's 12(c) motion.

## ORDER OF COURT

And now, this **28th** day of August, 2007, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED in part and DENIED in part as follows:

Defendant's Motion for Judgment on the Pleadings as to Count III of Plaintiff's Complaint is granted and Count III of Plaintiff's Complaint is dismissed, without prejudice to Plaintiff's ability to refile the claim in the appropriate state court. Defendant's Motion is denied in all other respects.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge